UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAYRA ISABEL MELENDEZ MORALES,

Plaintiff(s),

DEPARTMENT OF THE ARMY, *et al.*,

Defendant(s).

Civil No. 08-1298 (DRD)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court are the following motions: (a) *Motion For Summary Judgment* filed by the Secretary of the Department of the Army, Docket entries No. 61, 62 and 63; (b) plaintiff's opposition (Docket entries No. 64 and 65); (c) defendants' reply, (Docket No. 68), and (d) plaintiff's sur-reply, (Docket No. 67). Plaintiff Mayra Meléndez Morales ("Meléndez") filed the instant action against the defendants, the Department of the Army; the Secretary of the Army (collectively the "Defendants" or the Secretary"), for sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.*, and Puerto Rico law.

This matter was referred to Magistrate Judge McGiverin for *Report and Recommendation*. *See* Docket entries No. 71 and 72. The Magistrate Judge entered a *Report and Recommendation* (Docket No. 77), wherein he recommended that defendant's motion for summary judgment be granted in part and denied in part. The Magistrate Judge recommended that plaintiff's claims based on Puerto Rico law and Title VII be dismissed with prejudice against all the defendants, except the Secretary of the Army in his official capacity. As to the Secretary of the Army, the Magistrate Judge recommended that defendants' motion for summary judgment be denied "with respect to plaintiff's

Title VII retaliation, hostile work environment, and *quid pro quo* sexual harassment claims, and grant summary judgment for defendant on the Title VII constructive discharge claim." *See* Docket No. 77, page 29.

The Magistrate Judge granted the parties five (5) days to object. *See* Docket No. 77, page 30. The record shows that defendant filed a timely objection to the *Report and Recommendation*. *See* Docket No. 83. For the reasons set forth below, the *Report and Recommendation* issued by the Magistrate Judge is hereby adopted *in toto*, as supplemented herein.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within ten days[1] of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

---

[1] The Court is mindful that effective December 1, 2009, the ten day period to object to a report and recommendation has been amended to fourteen days. The new amendment, however, is not applicable to the instant case, as this matter was referred to the Magistrate Judge on October 15, 2010 (Docket No. 47).

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that specific objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980). **Hence, the standard for review of an objected report and recommendation is *de novo* review of those matters properly objected**. *See Borden v. Secretary of H.H.S.*, 836 F.2d at 6. The Court, therefore proceeds, as the *Report and Recommendation* has been objected, to review the *Report and Recommendation* of the Magistrate Judge *de novo*, as to those parts that have been objected. *Borden v. Secretary of H.H.S.*, *supra*.

### The Summary Judgment Standard

Generally, "[s]ummary judgment is proper where 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c)." *Richardson v. Friendly Ice Cream Corporation*, 594 F.3d 69, 74 (1st Cir. 2010). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986); *Thompson v. Coca-Cola, Inc.*, 522 F.3d 168, 175 (1st Cir. 2008); *Rodríguez Rivera, et al.v. Federico Trilla Regional Hospital of Carolina, et al.*, 532 F.3d 28, 30 (1st Cir. 2008). "The object of summary judgment is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" *Dávila v. Corporación de Puerto Rico Para La Difusión Pública*, 498 F.3d 9, 12 (1st Cir. 2007), citing from *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 7 (1st Cir. 2004) (quoting *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). In *Dávila*, the Circuit Court held:

> For this purpose, an issue is genuine if a reasonable jury could resolve the point in favor of the nonmoving party. *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000). By like token, a fact is material if it has the potential to determine the outcome of the litigation. *See Calvi v. Knox County,* 470 F.3d 422, 426 (1st Cir. 2006). Where, as here, the nonmovant has the burden of proof and the evidence on one or more of the critical issues in the case "is ... not significantly probative, summary judgment may be granted." *Acosta*, 386 F.3d at 8 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986)).

When reviewing *de novo*, the court "must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences." *Noviello v. City of Boston*, 398 F.3d 76, 84 (1st Cir. 2005), citing *Cox v. Hainey*, 391 F.3d 25, 27 (1st Cir. 2004). *See also Richardson v. Friendly Ice Cream Corporation*, 594 F.3d at 74. "[T]he nonmovant bears 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.'" *Noviello*, 398 F.3d at 84, citing *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). *See also*, *Dávila*, 498 F.3d 9. "Those facts, typically set forth in

affidavits, depositions, and the like, must have evidentiary value; as a rule, '[e]vidence that is inadmissible at trial, such as, inadmissible hearsay, may not be considered on summary judgment." *Noviello*, 398 F.3d at 84, citing *Vázquez v. López-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998); *accord Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990). "The evidence presented by the non-moving party may not be 'conclusory allegations, improbable inferences, [or] unsupported speculation.'" *Torres-Negrón v. Merck & Company, Inc., et al.*, 488 F.3d at 39, citing *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Based on these premises, the Court proceeds with the analysis.

**Analysis**

This is a case under Title VII for sexual harassment, hostile work environment and retaliation. Although the parties did not contest the findings of fact made by the Magistrate Judge, it is necessary to summarize certain facts. *See generally*, Docket No. 77, pages 7-8; 11-26. In a nutshell, Meléndez alleges that the defendant has failed to provide a timely transfer requested after she complained about her alleged harassment by her supervisor Roberto Fernández, as the employer delayed the reassignment of Fernández from February 27, 2007 to March 22, 2007.

Meléndez was hired by Fernández as a yoga instructor to work at one of the gyms of Ft. Buchanan, Puerto Rico, in May 2005. According to Meléndez, she was sexually harassed by the way Fernández looked at her while she was demonstrating some of the yoga techniques. Meléndez had to show her abilities as a yoga instructor to Fernández in order to be hired. Meléndez was eventually hired subject to a one year probationary period. Sometime after May 1, 2006, the immediate supervisor of Meléndez rotated amongst Sanfeliz and Pérez until January 2007. In the interim, plaintiff alleges that she was forced to have sexual relations with Fernández, or Meléndez

would not approve her probationary term of employment of one year. The Magistrate Judge found that "[a]ccording to Nora Blanco ("Blanco"), between June and October 2006, Meléndez repeatedly told Blanco that Fernández needed to be brought back to the fitness center." *See* Docket No. 77, page 12.

Meléndez alleges that she never complained to her superiors about Fernández' harassment until February 27, 2007, when she filed a complaint with the EEO. On March 22, 2007, Fernández was reassigned pending the investigation of Meléndez' claims. However, Meléndez alleges that Fernández continued harassing her *albeit* her claims. Meléndez further alleges that the last time that she spoke with Fernández was on December 5, 2007. *See* Docket No. 17. "[S]he quit her job through a resignation letter sent via certified mail on or around February 24, 2008." *See* Docket No. 77, page 17. However, prior to her resignation, Fernández had been transferred to another building. The Magistrate Judge did not consider the resignation letter for summary judgment purposes, as "it is unadmissible because unauthenticated. Local Rule 56(e)." *See* Docket No. 77, page 17, n.5.

The Magistrate Judge found the following triable issues of fact: (a) sexual harassment; (b) hostile work environment; (c) plaintiff's *quid pro quo* claim; and (d) retaliation. *See* Docket No. 77, page 29. As stated above, the Magistrate Judge denied the constructive discharge claim.

Plaintiff filed two objections to the *Report and Recommendation*, Docket No. 83, page 1. The objections are:

> 1. The Report erroneously establishes that Meléndez made general allegations that Fernández was still harassing her as of the time of the resignation and that this was not enough to show that her work environment was so intolerable that she had no choice but to quit when she did.

        2.        The report and recommendation failed to consider other hostile acts and retaliation against Plaintiff by other management personnel after the filing of the EEO complaint.

Lastly, plaintiff moved the Court to grant the construction discharge.

The Court disagrees with the objections claimed by the plaintiff, as both of them are directed to the claims of sexual harassment and hostile work environment claims. The Magistrate Judge further decided, after a thorough analysis, that there were credible issues of fact that were best left to the jury, regarding the sexual harassment under the hostile work environment modality, and the *quid pro quo* claims, as to plaintiff being forced to have sexual relations or she would not approve her probationary period (clearly an adverse employment action). Likewise as to the retaliation claim against the defendant, as plaintiff claims that the defendant failed to react promptly on the transfer of the alleged harasser or aggressor Fernández. Hence, since the claims on sexual harassment, retaliation, hostile work environment, and *quid pro quo* survived the summary judgment, the Court finds that there is no need to make further findings as to all credibility issues to warrant a jury trial. Furthermore, the Court will allow evidence to show the sexual harassment through the witnesses who have actual knowledge or witnessed the harassment, or aided and abetted in the harassment, as well as on the retaliation, hostile work environment and *quid pro quo* claims.

The Court further agrees with the thorough legal analysis of the Magistrate Judge as to the retaliation and the constructive discharge. The Court finds that plaintiff failed to show that the denial of the transfer requested by Meléndez constitutes retaliation, as the transfer request to the library made by plaintiff was considered and determined by personnel other than Fernández. As a matter of fact, Fernández was not her supervisor at the time the transfer request was made and denied. The Magistrate Judge found, however, that there is a limited retaliation claim as to the employer's delay

in reassigning Fernández, after plaintiff's filing of the complaint with the EEO. The Court notes, that the EEO complaint was filed on February 27, 2007 and Fernández was reassigned on March 22, 2007. The Court further notes, however, that Fernández voluntarily resigned on February 24, 2008, that is, eleven (11) months after Fernández was reassigned from the gym where plaintiff was working. The Court agrees with the finding and recommendation made by the Magistrate Judge, as Meléndez' resignation is remote to the alleged retaliation claim.

Finally, as to the sexual harassment causes of action that have survived, the matter is authorized to proceed to trial either because there are triable facts in controversy particularly, as to the key element of whether or not the sexual advances made by Fernández to Meléndez were: (a) unwelcomed or to the contrary they constituted consensual conduct; or (b) because these are triable issues as to the elements relating to retaliation, hostile work environment or *quid pro quo*, which must be decided by the jury as set forth by Magistrate Judge McGiverin.

The Court, therefore, adopts and incorporates all the findings of fact, and the legal analysis, made by the Magistrate Judge in the *Report and Recommendation*,[2] Docket No. 77.

## Conclusion

For the reasons stated above, the Court: (a) approves, incorporates, and adopts *in toto* the Magistrate Judge's *Report and Recommendation* (Docket No. 77), as supplemented herein; (b) the *Motion For Summary Judgment* (Docket entries No. 61, 62, 63), is granted in part and denied in

---

[2] "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.*, 101 F.3d 218, 200 (1st Cir. 1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir. 1993).

part, as found by Magistrate Judge McGiverin.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 17th day of March, 2011.

                                                s/Daniel R. Domínguez
                                                DANIEL R. DOMINGUEZ
                                                U.S.District Judge